JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN GEE, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIGNATURE RETAIL SERVICES, INC., an Illinois Corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 5:20-cv-02627 MCS (SPx)<br><br>**ORDER GRANTING PLAINTIFF DAWN GEE'S MOTION FOR REMAND** |

Plaintiff Dawn Gee ("Gee") moves to remand this case to the San Bernardino County Superior Court. Mot. to Remand ("MTR"), ECF No. 13. Defendant Signature Retail Services, Inc. ("SRS") opposed the motion and Gee filed a reply.[1] Opp'n, ECF No. 14; Reply, ECF No. 15. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following

---

[1] Gee submitted an objection to evidence filed by SRS. The objected-to evidence is unnecessary to the resolution of the motion, and some supports facts not in dispute. As such, the Court need not resolve the objection at this time.

1

reasons, the Court **GRANTS** Gee's motion.

**I.     BACKGROUND**

Plaintiff Dawn Gee ("Gee") filed a putative class action complaint in the San Bernardino County Superior Court. Not. of Removal, Ex. A. Gee then filed a First Amended Complaint ("FAC") that "add[ed] one additional representative claim for recovery of civil penalties pursuant" to the Private Attorneys General Act ("PAGA"). MTR 3; Not. of Removal, Ex. C ("FAC"). The FAC contains the following causes of action: (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of California Labor Code § 226.7 (unpaid rest period premiums); (4) violation of California Labor Code §§ 1194, 1197 and 1197.1 (unpaid minimum wages); (5) violation of California Labor Code §§ 201, 202 and 203 (final wages not timely paid); (6) violation of California Labor Code § 226(a) (failure to provide accurate wage statements); (7) violation of California Labor Code §§ 2800 and 2802 (failure to reimburse business expenses); (8) violation of California Business And Professions Code § 17200, *et seq*.; and (9) violation of California Labor Code § 2699, *et seq*. *See generally* FAC. Gee's first eight causes of action are class allegations while Gee's ninth cause of action, the PAGA action, is brought "as a representative action on behalf of herself and similarly Aggrieved Employees." *Id*. at ¶ 102; *see also Id*. at ¶ 12 ("Plaintiff brings the First through Eighth Causes of Action as [sic] class action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.").

In her FAC, Gee alleges she worked for SRS "from approximately July 2019 to January 11, 2020." *Id*. at ¶ 18. SRS employed Gee, "the Class, and the Aggrieved Employees as hourly-paid or non-exempt employees." *Id*. at ¶ 19. Gee alleges that SRS committed multiple California Labor Code violations *See Id*. at ¶¶ 17-108. The FAC alleges the following proposed class:

> All current and former non-exempt employees of any of the Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the certified class action is provided to the class (hereinafter referred to as the "Class" or "Class Members.")

*Id*. at ¶ 13. Defendant Signature Retail Services, Inc. ("SRS") removed this case on the basis that removal is proper under the Class Action Fairness Act of 2005 ("CAFA"). Not. of Removal ¶ 13. Gee then filed a motion to remand the action to the San Bernardino County Superior Court on the basis that SRS cannot show the "matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C § 1332(d); *See generally* MTR.

## II. LEGAL STANDARD

A defendant can remove a case from a state court to a federal court if the case could have originally been brought in federal court. 28 U.S.C § 1441(a). The Class Action Fairness Act ("CAFA") "vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity.'" *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C § 1332(d)).

"[T]he defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). If a plaintiff files a motion to remand that challenges the amount in controversy in the defendant's removal, "both sides submit" evidence about the amount in controversy. *Id*. at 1198. The evidence to be submitted includes "affidavits or declarations [] or other 'summary-judgment type evidence." *Id*. at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997)).

Under PAGA, an employee can "bring an action for civil penalties on behalf of

the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Iskanian v. CLS Transportation Los Angeles, LLC*, 327 P.3d 129, 133 (2014). The penalties the plaintiff seeks under PAGA "cannot be used to satisfy the" necessary $5 million "CAFA jurisdictional amount." *Phan v. Sears, Roebuck & Co.*, No. 5:15-cv-02582-ODW (KK), 2016 WL 1408057, at *2 (C.D. Cal. Apr. 11, 2016).

## III. DISCUSSION

Gee alleges that SRS relies on PAGA penalties in its Notice of Removal and that without the PAGA related damages, SRS's own calculations show there is not $5 million in controversy. MTR 6-9. Therefore, Gee argues that SRS has not shown an essential part of CAFA jurisdiction. SRS alleges that the FAC alleges more than $5 million in controversy and that PAGA penalties should be included when determining whether the FAC places $5 million in controversy. Opp'n 9-20. SRS provides a chart of damages in its opposition that lists the damages and amounts as follows:

| DAMAGES | AMOUNTS |
|---|---|
| Overtime Claim | $341,852.10 |
| Minimum Wage Claim | $455,802.80 |
| Liquidated Damages | $455,802.80 |
| Meal and Rest Period Claims | $911,605.60 |
| Waiting Time Penalties | $401,472.00 |
| Wage Statement Penalties | $360,550.00 |
| Failure to Maintain Aggrieved Employees' Personal Records | $97,000.00 |
| PAGA Penalties of Aggrieved Employees | $1,747,203.12 |
| Attorneys' Fees | $1,192,822.10 |

| | |
|---|---|
| **Total** | **$5,964,110.42**[2] |

The Court agrees with Gee that the CAFA jurisdictional amount of $5 million is not met in this case. The Ninth Circuit has stated that when plaintiffs assert a "PAGA clam . . . as a representative claim" as opposed to "a class claim," PAGA penalties are not added to the amounts sought under the class claims when determining whether a party seeking removal has shown that the CAFA jurisdictional amount is met. *Yocupicio v. PAE Grp., LLC,* 795 F.3d 1057, 1060 (9th Cir. 2015); *Arnold v. OSF Int'l, Inc.*, No. EDCV 17-897 JGB (KKx), 2017 WL 2841697, at *5 (C.D. Cal. June 30, 2017) (stating that the Ninth Circuit in *Yocupicio* held that the "representative PAGA claim could not be aggregated with the amount sought by the plaintiff pursuant to his class claims to satisfy the amount in controversy requirement under CAFA"); *Phan*, 2016 WL 1408057, at *2 (stating that because the plaintiff's PAGA claim that was brought "as a *representative claim*," the "penalties resulting from the PAGA cause of action will not be considered in evaluating the amount in controversy for the class action" (emphasis in original)). Instead, the Court removes the PAGA penalties from the defendant's alleged amount and determines whether the CAFA jurisdictional amount still exists. *Arnold*, 2017 WL 2841697, at *5 ("Having concluded that inclusion of potential PAGA penalties in a CAFA amount in controversy analysis is improper, the Court must reduce OSF's estimate by" the alleged PAGA penalty amount.); *Santoyo v. Consol. Foundries, Inc.*, No. CV 16-02232 BRO (SSx), 2016 WL 5955851, at *3 (C.D. Cal. Oct. 13, 2016) (removing PAGA claims damages from the alleged amount of damages and determining the CAFA jurisdictional amount was not met).

---

[2] SRS notes that "[t]he total amount *does not* include the potential exposure on Plaintiff's (1) unreimbursed business expenses claim; (2) violation of California Business & Professions Code §§17200, et seq. claim; (3) request for injunctive relief, and (4) request for pre-judgment interest." Opp'n 20, n. 4 (emphasis in original). However, SRS does not provide any evidence about how these claims change the total amount in controversy. The Court therefore does not consider how these claims affect the actual amount.

Here, Gee brought her PAGA claim as a representative claim, not a class claim. *See* FAC ¶ 2 (stating that only the first eight claims "are brought as a class action"); *see also Id*. at ¶ 3 (stating the ninth claim "is brought as a representative action"). It therefore "cannot be deemed to be a class claim." *Yocupicio,* 795 F.3d at 1060. After removing the PAGA penalty amounts, SRS's calculation of damages falls under the required CAFA jurisdictional amount of $5 million. *See* Opp'n 20; *see also Arnold*, 2017 WL 2841697, at *5. Therefore, by SRS's own calculations, the Court does not have CAFA jurisdiction.

SRS relies on *McNulty v. CRST Van Expedited, Inc.*, EDCV 14-0043 JGB (SPx), 2014 U.S. Dist. LEXIS 181054 (C.D. Cal. July 18, 2014) to argue they can include PAGA penalties into their calculation. Opp'n 18. However, in *McNulty*, the defendant removed the case on the basis of *both* diversity jurisdiction and CAFA jurisdiction. *McNulty*, 2014 U.S. Dist. LEXIS 181054 at *2. The Court then analyzed whether the defendant could add 25% of the PAGA penalty to the "Labor Code violations Plaintiff suffered" for purposes of determining whether the jurisdictional amount of $75,000 under 28 U.S.C. § 1332 was met.[3] *Id*. at *8. The Court allowed the defendant to include the PAGA penalty as a part of the potential amount in controversy related to the individual plaintiff. *See Id*. at *9. *McNulty* is thus inapplicable to the present case where SRS wants to use PAGA penalties to meet the CAFA jurisdictional amount.

SRS has not shown "by a preponderance of the evidence" that the CAFA jurisdictional amount of $5 million is met here, as their own calculation falls under $5 million once PAGA penalties are removed. *See Ibarra*, 775 F.3d at 1197. The Court will not rule on Gee's arguments concerning the value of her various other claims. *See Arnold*, 2017 WL 2841697, at *5.

---

[3] "Seventy-five percent of the civil penalties recovered go to the Labor and Workforce Development Agency ("LWDA"), and the remaining twenty-five percent go to the aggrieved employees." *McNulty v. CRST Van Expedited, Inc.* EDCV 14-0043 JGB (SPx), 2014 U.S. Dist. LEXIS 181054, at *7 (C.D. Cal. July 18, 2014).

## IV. ATTORNEYS' FEES

Gee also seeks attorneys' fees for efforts related to her present motion. MTR 22, 23; Reply 28, 29. 28 U.S.C. § 1447(c) allows for the Court to grant attorneys' fees, costs, and expenses in "an order remanding the case." The Court will not grant attorneys' fees if a defendant has an "objectively reasonable" basis for seeking to remove a case to federal court. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). That a defendant's "arguments lack merit" does not mean it fails this standard. *Id.* at 1065. However, a Court may find that it is not "objectively reasonable" to seek removal when "the relevant case law clearly foreclosed the defendant's basis of removal." *Id.*; *see also Figueroa v. Logisticare Sols., LLC*, No. SA CV 20001112-DOC-JDE, 2020 WL 6043211, at *2 (C.D. Cal. Oct. 10, 2020) (quoting *Lussier*).

Here, the Court finds that relevant case law from both the Ninth Circuit and subsequent district court decisions clearly established that "the Court cannot consider any damages arising from the PAGA claims to determine if the amount in controversy exceeds $5,000,000." *Santoyo*, 2016 WL 5955851, at *3; *accord Yocupicio,* 795 F.3d at 1060; *accord Arnold*, 2017 WL 2841697, at *5; *accord Santoyo*, 2016 WL 5955851, at *3. However, SRS did exactly that when removing the case. *See* Opp'n 7. Without the PAGA claims, SRS's own alleged amount does not reach the CAFA jurisdictional amount. *See Id* at 20. The only case SRS cites in its opposition is inapplicable to the facts in this case. As such, the Court finds that SRS did not have an "objectively reasonable" basis to remove this case. Gee is awarded $5,200 in attorneys' fees.

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Gee's motion to remand. The case is thus remanded and Gee is awarded $5,200 in attorneys' fees.

**IT IS SO ORDERED.**

Dated: February 26, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE